Case number 212799, Indalecio Gaona versus Mike Brown-Warden, oral argument not to exceed 15 minutes per side. Mr. Zilberman for the appellant. Mr. Zilberman, I understand you've reserved three minutes for rebuttal, is that correct? That's correct, your honor. Okay, you may proceed. Thank you. Good morning, your honors. May it please the court. My name is Eugene Zilberman and I represent Yndalecio Gaona in this appeal. More than 50 years of Supreme Court precedent clearly establishes, beginning with Gideon versus Wainwright, continuing through Argesinger, through Scott, Nichols, Glover, Custis, and Alabama versus Shelton, that an indigent defendant is entitled to the assistance of counsel if he's going to be sentenced to a term of imprisonment. Equally clear from this line of Supreme Court precedent is that a defendant who is sentenced to a term of imprisonment without the assistance of counsel, his subsequently cannot be used, that conviction cannot be used to enhance a future sentence. That is precisely what happened here.  For that felony, he was sentenced to 19 to 52 years of incarceration. But throughout the course of that sentencing, the sentencing court committed error. In so doing, Mr. Gaona received an enhancement. He was scored five additional points based on three prior misdemeanor convictions. One of those misdemeanor convictions was uncounseled. He was sentenced to possession for marijuana. He was sentenced to 30 days in jail, credited with time served. And that was subsequently used to enhance his sentence. So the issue before this court is pretty straightforward. It's whether or not a sentence where a defendant is sentenced to a prison term and then credited with time served, whether or not that violates the Sixth Amendment. Time served for what? Time served for the offense in question, Your Honor. But the time that he had already served was not for the offense in question. Your Honor, in this specific case, he was credited with time served. That's how it's reflected. Credited with time served on another offense. No, Your Honor. It was credited, if I recall the record correctly, it was credited with 30 days time served. Am I wrong that he got 300 days or something like that in the other offense? That's correct, Your Honor. Did he serve 330 on that offense? No, Your Honor. So the 30 days that he served was part of the 300 days that he was serving in the other offense. That is correct, Your Honor. So the answer to Judge McKeague's question, it seems to me, is yes. That that is time served for the time he served was time he already served for another offense. Is that accurate? I believe as a matter of practical significance, yes. He would have been incarcerated for 300 days regardless. So philosophically, in a sense, he's sitting on the same bench, but you would say he's serving two separate terms of imprisonment. One of the 300 days and one of the 30 days. Correct, Your Honor. I mean, that's the issue, really. That is the issue, Your Honor, and I think that's a very helpful way to frame the case. Well, let me go back to Shelton because you pointed that out, and that's your last case. To me, Shelton talks about jeopardy. Am I going to be in jeopardy of sentence in the future or right away? Results in a term of incarceration. Right? This, to go back and piggyback off what my colleagues have asked, this doesn't result in a term of incarceration now or potentially in the future. It's past. Correct? Is that fair? I think that's a fair characterization, Judge Tappar. So, in federal practice, your booking day is a day in prison. In other words, you come in, you're booked, they count that as one day. Yes, Your Honor. If you get sentenced to one day for your booking, you would say you're entitled to counsel. Yes, if you are sentenced for one day, Your Honor, you are entitled to counsel. Even if you never served time in prison? Your Honor, I believe under your hypothetical, you still spend time in prison, if I understand correctly the suggestion. I mean, yes. You're in custody. You're in custody. You're not in prison, technically. But go ahead. Your point would be custody is the equivalent of prison since the courts treat it that way. Yes, Your Honor. And I believe there is another difference to pick up on this line of questioning. Because one of the scenarios that I was contemplating is bail. Oftentimes, prisoners will find themselves, the same prisoners who require the assistance of counsel, they find themselves incarcerated because they can't post bail. But there is a philosophical difference, and the Supreme Court and other courts have teased this out, between what is effectively an administrative failure by the indigent defendant to pay bond, or post bond for the offense, and the actual sentencing of the prisoner for incarceration. What if it's that he can't show, I get the administrative failure part of it, what if it's that he can't show that he's not a safety risk? So we have misdemeanor domestic violence. Often people are incarcerated pending trial. What if that's the case? And then you plead guilty and they let you out. And they sentence you to probation. They could either sentence you to time served and put you on supervision, at least I understand the federal system more, but time served plus supervision or probation, and they put you on probation. No problem there. I think there is a problem there, Your Honor. I think time served for the offense. No, no, no. They sentence you to probation. I'm sorry. Then there is no issue, Your Honor. Even though the reality is, if they sentence you to time served, it's the identical amount of time you served. In other words, the jeopardy isn't there. I believe that's correct, Your Honor. And I think this gets to another fundamental difference between the administrative situation where you can't post bond and when you're actually incarcerated for the offense in question. And this is set forth in Gideon v. Wainwright. It's picked up in Argersinger where the concern of the Sixth Amendment and the lack of representation by counsel has to do with the reliability of the underlying offense. So when you are credited with time served, you are effectively found to have served time in prison for the offense in question. And the issue, particularly in subsequent cases, is whether or not it's a reliable bar to enhance the future sentence when you were not, in fact, represented by counsel in the past. Because that is what the Sixth Amendment is driving. But Gideon's not aimed at future offenses. I mean, they don't assume recidivism. They're talking about the present offense, correct? That's right, Your Honor. I agree with everything you said, but I think what Gideon's talking about is the present offense. And if they're talking about the present offense, what I'm not grasping, and maybe you can help me, is what you're saying is the labeling makes a difference. Because we're talking about time they've already served. And we all agree they're not entitled to counsel at the bail hearing, right? Yes, Your Honor. Kind of missed me. So time they've already served, you're saying it makes a difference that if a court is going to give them a sentence of time served, they need to appoint them counsel. But if they're going to give them a sentence of probation, they don't need to appoint them counsel. That's correct, Your Honor. And I believe that is the line that has been drawn by the Supreme Court. I think we can certainly quibble over the line on whether or not it's appropriate, but we're bound by those precedents. And the Supreme Court specifically has spoken in terms of a term of incarceration. And I think this goes back to... The problem with your argument, it seems to me, is that you'd have to concede, wouldn't you, that the Supreme Court hasn't defined what they meant by actual imprisonment. The phrase actual imprisonment that they use has not been defined by them. You're arguing that it includes time served, whether it was served for the offense of conviction, or whether it was actually served because you were already in jail for something else. Your Honor, I believe the Supreme Court, through a number of cases, has announced the general standard that applies, that would define the term of incarceration. And that is? That is... If you're sentenced to a term of incarceration, by which I understand... The term is term of imprisonment, and what we're trying to tease out is a term of imprisonment that actually affects you and one that doesn't. Do you have any authority as to any cases that have considered concurrent sentences? That is, suppose you're already serving life for murder, and then they come up to the misdemeanor, and they say, OK, we sentence you to 60 days concurrent with the term you're serving. Would that also, in your law, be a term of imprisonment? I believe it would, Your Honor. I don't have specific Supreme Court precedent to point to on this specific issue, but I do believe that there is analogy in the guidelines for this. But in Shelton, they say... So let me go back to their language. Actual imprisonments, to steal what Judge Keeg was saying. It says actual imprisonment. They don't define it, except I'd argue that if they define it, it results in imprisonment. And so what I don't understand, to go back to the very beginning, the first question Judge Keeg asked, is how can a concurrent sentence, where you're already serving time, you're going to serve that time no matter what, and it's in the past, result in imprisonment? It doesn't result in, it's not like you're out and now I'm putting you in prison. And in Shelton, they said, could result in imprisonment because you won't be counseled at the time you commit the probation violation and it'll automatically result in imprisonment. So results in seems like, as a result of what I just did, you are going to prison. And I believe that's correct. As a result of the offense that you committed, you are going to prison. And here, he didn't go to prison as a result of the offense he committed. He was already in prison and we just give him credit for time he served on another offense. That's an excellent point, but I do believe that... I mean, the problem with these points and the difficulty that we're wrestling with here is that if this was a direct appeal in a federal conviction, that you may well be right. I don't know. But this is a question where we're required to give deference to the state court. So where was this clearly established when even among ourselves, we can't figure out what actual imprisonment necessarily means? You can make two good arguments on both sides. Your Honor, I think I have to refer back to what I think is a simple syllogism and I recognize I'm running out of time, so I would like to answer the question. Please do. And this is sort of the way that I have always thought about this case, which is in order to be credited with time served, you need to have actually served time. I think that is the issue in the way that I see the case law folding out, that based on his credit, it's impossible to tease out... That takes us right back to where we started. Time served for what? If he had already served time for the offensive conviction, the earlier state court conviction, I think you're absolutely right. But he didn't. He didn't serve a single day for that. Judge, I just don't believe that you can tease that out based on the prevailing case law. And I recognize I'm out of time. I'm happy to continue answering questions. Thank you. Thank you, counsel. You'll have your full time for rebuttal. Thank you, Your Honor. Good morning, and may it please the court. Assistant Attorney General Eric Jenkins on behalf of the respondent appellee in this case. I think there are two issues that I think the court has already sort of touched on with opposing counsel's argument. First, there is no clearly established federal law on this very narrow question of whether or not a time-served sentence constitutes imposition of incarceration at the time of sentence to be contemplated by Argent Singer, Scott, and Shelton.  Is that correct? Let's assume that he had been in jail for a period of time in connection with the offense of conviction. And he then was given credit for that through a sentence of time served. I mean, that would then qualify, would it not? I don't believe it would, because I think there's a fundamental issue that crops up there, and this is why there needs... You don't think it matters whether he served the time for the offense of conviction or another offense? Not necessarily. You think you win in both cases? I think I win in both cases. I think the issue becomes, what are we looking at? What has the court said? The court, when it's talked about... What if they sentenced him... So what if he served 60 days, and they said, you can get out tomorrow? Yes? At which point? Oh, in terms of a plea bargain? Pleads guilty says, tomorrow, you can check out of prison, because it's 5 o'clock, I'm sorry I went over. In the morning, you can get out, because the prison doors are now closed. You've got to go back. This often happens, as you probably know. You've got to go back, and you'll check out in the morning. I think you might be dealing with a slightly nuanced issue there that changes it a little bit, but I still think it's a credit for time served sentence. But even if it results in a day of imprisonment, you would say that's time served. That strikes me as contrary to Shelton. Okay, if it results in a day past what... Well, it's going to, because I'm sentencing you at 5.10. Okay, yeah. That specific scenario might cause an issue. But my point is that what we're dealing with here is 30 days of jail, credit for time served, what he's been incarcerated on, which, setting aside for a second the fact that it's not clear what he's actually sitting in jail on. If he's there on this offense, it's because he can't postpone. It's not because the judge imposed a sentence at that point in time. Why does it make... So if I'm a criminal defendant and I sit in jail for 60 days, isn't that the jeopardy that I'm sitting in jail for 60 days? Isn't that the problem? It's not the problem in terms of what the Supreme Court has said in these cases. These cases are talking about fairness and about... Well, why not? Shelton says if you're not even sitting in jail, if you have the potential to sit in jail, we're going to give you counsel. But that's, again, perspective from the time of the judge looking at the case and saying, I'm going to impose a potential future sentence of 30 days in jail. The way the opposing counsel is framing this issue by saying jail is jail is jail, you're essentially creating a new rule where... I think the court's already sort of pointed this out. You're creating a new rule where any time someone's arrested, they're now going to have to have counsel for it to be constitutionally... the conviction to be constitutionally firm. Tell me what actual imprisonment means. Actual imprisonment, from looking at what these cases are talking about, is imprisonment after the sentencing date or potential imprisonment after the sentencing date. So even if he's been there for a year and you call it a felony and you say I'm going to give you a year and a day time served, same result? I believe it's a felony. The analysis changes a little bit, right? Because it's a felony case. So they would be entitled to counsel. I don't think there's a rule on felony even without imprisonment. Sorry, Your Honor, I didn't... Felony... You get counsel even if there's no imprisonment involved. That's correct. Okay. That's correct. What about... But you could still have... That length of time seems pretty severe. Let's say you're talking about 300 days or something like that, just the number that's thrown around. It doesn't matter, okay. I don't think it matters. I think that once... It depends on when the sentence is... What's imposed at sentencing is what these cases are talking about. So Glover says actual imprisonment is any amount of actual jail time. This is an amount of actual jail time. Why isn't that enough? Again, I think it goes back to talking about when this is imposed. When it's prospective, when it's after the sentencing date is when we're... But where do we get that rule from? I mean, Shelton says... Shelton's answering a specific question that only has to do with prospective. It refers back to actual imprisonment. Actual imprisonment's defined in that... Or at least listed it for the first time in that Ars Persinger case or whatever. Well, I think that's the problem here, right? We are here on federal habeas review. So we're looking for clearly established federal law, and it's not clear... Any amount... Why isn't any amount of actual jail time clearly established? This is any amount of actual jail time. I think the words used are end up in or imposed. So what does the imposed, what does the end up in mean? That's where the gray area is here. And I think that's why it's reasonable for the state appellate court to reject this argument being made by opposing counsel, because we don't... It's not clear. It's not clearly defined what that actually means. What does imposed mean? What does end up mean? And again, as Judge McKee pointed out, on direct review, that may be an argument that wins the day. And I know opposing counsel has cited at least one direct review case where that has happened. But we're not on direct review. We're talking about a state court that's trying to apply clearly established federal law, and that's our main point in our brief, is that it's just... It's not there. There's the idea of this general principle, but I think opposing counsel's argument extends that general principle. And again, I go back to... And they've even said it today in oral argument. If you were to be arrested on, let's just say, a drunk driving offense, and you're going to go to jail that night, you're going to get taken off the road and go to jail. You spend one night in jail, you post bond the next day. Opposing counsel has said today that the judge needs to appoint counsel for that, because you've spent one day in jail. That's actual jail. I don't think any of the Supreme Court cases... I know they don't speak to that, and I think that's the issue when we're talking about federal habeas review, is it's not clear what that means. It's not clear what a time-served sentence does. Therefore, he can't prevail. He can't show... So when you say they have to appoint counsel in these circumstances, you only have to appoint counsel if you're going to hold it against him down the road in another proceeding. Yeah, that's what my argument is. But what I'm hearing from... You have no way of knowing that. Exactly. What I mean is that you sort of made it sound like a floodgates argument. We're going to have to appoint thousands of lawyers for bail, but you don't have to... if you don't end up using that against him. Oh, yeah, and I understand. But then we get into this weird labeling game, right, where you're essentially saying, okay, but you're incarcerated if you call it incarceration, but if you spent 300 days in jail and the judge goes, I'm going to sentence you to probation but no jail, that 300 days goes away, which I don't think is practical or operationally effective, and I think that's the problem. I think we don't have clear guidance from the Supreme Court on this issue. I also do want to touch on the second point, which is that it isn't clear what he was serving a sentence on in this case. He's sentenced to 300 days jail for a probation violation that occurs concurrently with this misdemeanor marijuana. I believe the misdemeanor marijuana forms the basis of the probation violation, just based upon what the record... But I thought there were two different sentencings and the 300-day sentence was a few days earlier. Did I misread the record? It is earlier. So he's already serving that 300 days. I think it's actually a few weeks earlier. Okay, but whatever it is, he's not going to overrun the 300 days. This is clearly going to be concurrent in the sense that he's sitting in the same jail bench for both offenses. Yes. And I think the other thing too is when you look at the register of actions at the very beginning on this misdemeanor marijuana case, he's granted what's... It says PR, personal recognizance bond, $1,000. It's not clear what that means. Generally, a PR bond is you're out. So if he's already serving the other sentence or he's on there on a probation violation, he may have just been in by virtue only of the probation violation sentence if that PR bond actually means PR bond. Admittedly, I don't know what that $1,000 part of it means, but when I see PR bond, I'm thinking that he was released on his own recognizance of that offense, meaning the misdemeanor marijuana charge. And therefore, he's only sitting in there on the probation violation if that's the case. It's not clear. And I think... I don't have a Supreme Court case, as Justice Boggs asked about, but there is... And it's cited by the defendant, United States v. Hall, which is a Sixth Circuit direct review case. It actually talks about this issue when it comes to concurrent sentences. What are you serving on? And in that case, it actually found that it wasn't a credit for time served sentence because it looked like the... It either looked like or was not discernible whether or not this time served was just giving him... A credit for the other thing he had going on anyways. And that's very well what we have here, is that this 30 days is just an acknowledgment of, like, okay, you've been sitting in jail on this other one for 30 days. You've got 270 more. We're gonna give you credit for time served on this one and move on. And so I think that makes another issue, another wrinkle to this case, that's very fact-specific to this case, is not only are we dealing with this idea of what is any jail served or any jail imposed, but also was this individual even sitting in on this case or was that 30 days just an acknowledgment of, we're dispensing with this. You've got 270 more to go. Deal with that. So I think that's another issue that makes this... Dispensing with it is sort of interesting because if I follow the argument here... Let's take this particular gentleman in question. If the trial judge at the state court had known you were gonna be here, a couple of years later, talking about this... I wish they would. He would have said, potentially, if he was on the ball, would have said, well, I could sentence you to time served, but that might cause some problems. I'm gonna fine you $50, which has exactly the same practical effect, right? He's still sitting in jail. Then your adversary would have no argument, right? Correct. So, I mean, it does raise the kind of procedural question. If he wins, we should just tell all the state judges, if you saw the old night court, he always gave them $50 in time served. He should give them $50. Well, and I think, again, I think that's another issue we don't have to deal with because we're here on habeas review. I understand that, but I'm just looking... No, and I agree. The practical effect of your adversary prevailing might be nil or might be very odd. Yes, although I think if he were to prevail on his other claim that any jail imposed at any time, that is a floodgate issue because... That's a separate one, whether that is imposed as opposed to, we said, the administrative issue. You didn't impose a term of imprisonment. You were just administratively held, which... Yeah, and let's say, you know, as opposing counsel seems to suggest, the rule is one day in jail is one day in jail. Well, but if you are acquitted or dismissed, you may have spent 100 days, 300 days in jail. There's no question about that, that that wouldn't be a term of imprisonment. Yeah, I guess not under formulation. The opposing counsel is... Yeah, even he would concede that, I believe. But I think, again, the issue with what he's saying is that if you get one day of jail and then credit for time served one day, even though you bond out your first night, after your first night in jail, if that judge is going to then later on say, you pled guilty, credit for one day, time served, according to opposing counsel, you have to appoint counsel at the very beginning of the case when that person's bonded out of jail. You have to appoint counsel if you want to hold it against them five years down the road in some future time. Which I think practically most courts do, right? It's just an easy, you serve two days, two days credit, there's your sentence. So I think it is a floodgate issue, potentially. And again, this court doesn't have to deal with it, I believe. I believe that's the heart of this, is there's no clearly established Supreme Court precedent. I mean, what your friend on the other side's worried about is... I'm putting words in his mouth, but he probably doesn't really care about this particular case. But what is happening is, let's say you get three time served misdemeanors, it's the bump that later happens where you weren't counseled, and now there is a sentence of imprisonment as a result of this next offense that only results because you had these uncounseled. In other words, there's a difference between time served and probation. Even though to a layperson it doesn't look like it at the time, a lawyer presumably would know there's a meaningful difference down the road. I understand that formulation, but I think in order to get there, and all the cases do this, right? When we talk about Scott and Shelton. They go back to the original formulation, which is, when does somebody need to have a counsel appointed? And the consideration in those previous cases that deal with that is not... They don't consider, well, down the road, this may end up bumping up to something else, or may. And I think, Judge Tapar, you noted this, that they're not presuming recidivism. So I don't know if that concern goes back to the issue of when does counsel need to be... I know, but the reality is recidivism is a big problem. When these people are uneducated, they're taking time served because they can walk out. Often it's they're sitting in prison and the judge says, I'll give you a sentence of time served. They say, amen, let me go. And what they don't recognize is when they continue to recidivate, now the kicker kicks in. I mean, why shouldn't we be worried about that, that they're not getting that advice? I'm not sure whether or not we should be worried about it or not. I just think that the Supreme Court cases, this is built off of we're not considering that specific issue when they said, when is counsel appropriate? And I guess that's the best answer I have at that point, because it gets into a little bit of a policy argument too. But I think going back to those Supreme Court cases, they were not concerned with that specific issue. So again, I don't know the correct answer to that, but I think in terms of going back, that's not one of the considerations that was factored in. I see I'm out of time. Unless the court has any questions, I would just ask that the court affirm the district court in this matter. Thank you, counsel. Thank you very much for your time. I appreciate it. Thank you, your honors. I'm going to try to be brief. First and foremost, I want to take up the floodgate argument. It certainly wasn't my suggestion that every time there is bail that's awarded and somebody cannot post and has to spend a certain period of time in jail, he is entitled to counsel. I do think there is a fundamental distinction, though, that occurs when someone is sentenced to time served. For example, the guidelines themselves contemplate this distinction. Time served under the guidelines actually counts as prison time. Aren't you worried about the future collateral consequences? Because there's no difference, back to my layperson example,  because they can't make bail or they're sentenced to time served. They're still serving time in jail. Judge Tafari, that's exactly the case. That's entirely what the concern in this case is about. I know as a practical matter for somebody who has been in prison for 30 days and they're sentenced to time served or they're dismissed, they have spent 30 days in jail and it doesn't matter. But there are practical consequences down the road that result, including from enhancements under the guidelines. Do any of these cases take account of that? Because that's your friend on the other side's point. I get those practical consequences, but there's no Supreme Court case that tells us, meaning the state court, that we have to take account of that. There is no specific Supreme Court case that takes up that issue, but there is a general standard that's expressed by the Supreme Court that touches on this, where they talk about the fairness considerations and why the appointment of counsel is so integral to an indigent defendant. And it's the concern about fairness. It's not necessarily about the jail time. It's about the fairness of looking at the offense and trying to determine. And this is in Argersinger where they talk about this. There are certain references to collateral consequences. Certainly the court takes this up in Custis. In Glover, I believe, this is also touched upon. So there is a real significance that's associated with a sentence of time served. And it is a term of incarceration. And it's a term of incarceration for the offense in question. I want to come back to Judge McKeague's point on the temporal consequences of this. And I recognize as a temporal matter, there is no difference. He would have served the same 300 days in jail. However, for future purposes, there are differences in the way that his sentence is scored and the way that the courts look at his offense in question. And I looked at the Register of Actions and there is a separate page where he is sentenced to 30 days and credited with time served for, I believe, this offense. So down the road, when courts are looking at his guidelines range, they see this as a misdemeanor possession for which he had served jail time. And that does have collateral consequences. And it did in this case as well. I'm wondering if I misread your reply brief. I thought you were essentially conceding that the time that he served was actually on another offense. And I might have been mistaken in that you might have been arguing that it doesn't matter. I am, Your Honor. So you haven't conceded that it was for the other offense. No. I recognize as a functional matter, he was in jail at the same time for both offenses. But I don't believe you can disentangle what he was actually serving the 30 days on. And you have this issue all the time in concurrent sentences. And you certainly see it in guidelines calculations as well. But, Your Honors, I'm out of time. Unless the court has any further questions, I'm happy to. Any further questions? No. Thank you very much, Counsel. Mr. Zellmerman, I want to thank you for taking this case. I know you are CJA appointed. You did an excellent job. We appreciate it. And you're a former law clerk of this court. So we're grateful that you came all the way back from Texas to take this on. Thank you very much. My pleasure.